# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| VICKIE ONEAL, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:18-CV-25-MSH |
| | : Social Security Appeal |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for supplemental security income and disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the plaintiff is working. *Id.* If not, the Commissioner determines whether the plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Vickie Oneal applied for disability insurance benefits and supplemental security income on April 21, 2014, alleging she became disabled to work on March 1, 1991. Her claims were denied initially on September 25, 2014, and on reconsideration on February 20, 2015. She made a timely written request for an evidentiary hearing before an ALJ on April 8, 2015, and the hearing was conducted on December 7, 2016. Plaintiff appeared at the hearing with her attorney and gave testimony, as did her mother and an impartial vocational expert. During the hearing, she amended her alleged onset of disability date to April 21, 2014, the date she filed her applications. This rendered her ineligible for disability insurance benefits and the hearing proceeded on her application for supplemental security income. Tr. 24. On January 10, 2017, the ALJ issued an unfavorable decision denying her claim. Tr. 20-34. Plaintiff sought Appeals Council review and submitted additional evidence with her request. Tr. 10-19. The Appeals Council denied her request for review on January 4, 2018, and did not consider the additional evidence because it did not relate to the period under adjudication. Tr. 1-7. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her claim.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was forty-eight years old and classified as a "younger individual" under the Commissioner's regulations on her amended alleged onset date. She has a high school education and no past relevant work. 20 C.F.R. § 404.1563; Findings 6, 7, 8, Tr. 33. In conducting the five-step sequential analysis mandated by the Commissioner's regulations

4

for the determination of disability, the ALJ found, at step two, that Plaintiff has the severe impairment of obsessive-compulsive disorder ("OCD"). 20 C.F.R. § 416.920(c); Finding 3, Tr. 27. At step three, she found that Plaintiff's does not have an impairment or combination of impairments that meet or medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Between steps three and four, the ALJ formulated a residual functional capacity assessment ("RFC") which permits Plaintiff to work at all exertional levels while limited to low stress work with simple and routine tasks and short instructions, simple work-related decisions, no production work, and only infrequent and gradual changes in the workplace. Finding 5, Tr. 29. The ALJ also found that Plaintiff can maintain concentration and attention for two-hour periods and tolerate occasional contact with the public. Finding 5, Tr. 29-33. At step four, she determined that Plaintiff has no past relevant work and proceeded to step-five. There, the ALJ established, through the testimony of a vocational expert, that Plaintiff retains the residual functional capacity to work as a box bender, egg washing machine attendant, and box sealer inspector, and that these jobs are available in the national economy. Findings 6, 10, Tr. 33-34. She therefore found Plaintiff to be not disabled. Finding 11, Tr. 34.

## DISCUSSION

### I. Appeals Council Decision

Plaintiff first asserts as error the Appeals Council's refusal to grant review of her claim based on new evidence. Pl.'s Br. 1, 8-12. The evidence at issue is a mental residual functional capacity assessment dated March 23, 2017, and an onset date questionnaire dated April 10, 2017, prepared at Plaintiff's request by Matt Butryn, Ph.D., a psychologist,

5

in support of Plaintiff's claims for disability benefits. Tr. 10-19. The Appeals Council denied review based on the new evidence because it "does not relate to the period at issue." Tr. 2.

The ALJ issued her written decision on January 10, 2017—almost three months prior to Plaintiff's visit to Dr. Butryn. Dr. Butryn states that in reaching his conclusions about Plaintiff's impairments he conducted a "records review" of Plaintiff's medical care that included clinical notes about her impairments during the relevant period. However, the entire medical record here is a mere twenty-one pages, only two of which are from a treating source. Further, that treating source apparently handwrote "compulsive disorder" without any further explanation. Tr. 274. The remaining nineteen pages are from consultative examiners in connection with Plaintiff's application for benefits, and only five of those pages are from a psychological examiner. Tr. 284-89. That source, John Grace, Psy.D., endorsed OCD but added fair insight, unimpaired concentration, ability to follow workplace instructions, unimpaired adaptive response, and otherwise adequate ability to work with others, communicate, comprehend, and work cooperatively. Tr. 288-89. His conclusions are much less limiting than Dr. Butryn's, indicating that Plaintiff's condition may have deteriorated over time as the Commissioner argues. Dr. Butryn likewise characterized Plaintiff as "deteriorating in functioning" in his notes and qualified his findings as "based on her current presentation in my office." Tr. 17. Substantial evidence supports the finding by the Appeals Council that this evidence does not relate to the period under adjudication by the ALJ and Plaintiff's first contention of error lacks merit.

## II. ALJ's Development of Record

In her second assertion of error, Plaintiff argues that the ALJ failed to adequately develop the record regarding her inability to pay for treatment or access indigent care. Pl.'s Br. 2, 12-15. Plaintiff states, correctly, that the ALJ considered her lack of treatment in assessing her credibility regarding the disabling effects of the symptoms related to her compulsive disorder. Tr. 32. However, Plaintiff said that she lacked money to get help for her OCD but limited that assertion to the period after her primary care doctor died. When directly asked by the ALJ about medication for the disorder, Plaintiff stated she had been prescribed medication and that she "took them as long as I needed them." Tr. 42-43. Her attorney was given the opportunity to question Plaintiff on this point but he declined. Tr. 43-44.

However, the issue here is larger—Plaintiff has failed to show she is disabled and thus entitled to benefits. As the ALJ observed at the hearing, Plaintiff claims that she has been disabled since March 1, 1991, by a condition that the record shows she has only sought treatment for twice in twenty-three years as of the date of the ALJ's decision. Tr. 40. Her attorney, when the ALJ pointed out the paucity of evidence, did not assert Plaintiff's financial inability to obtain care but responded "I understand" to the ALJ's expressed concern. Tr. 40. The record also shows that Plaintiff had the means to obtain a consultation with Dr. Butryn to pursue her application for benefits but does not show that she attempted to get treatment for the OCD which she says has effectively crippled her for a quarter of a century. It is not error for the ALJ to draw an adverse inference about Plaintiff's credibility from this record and Plaintiff's second assertion of error is groundless.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 1st day of November, 2018.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE